IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| CARLOS A. BAILEY PARKS<br>　　　　Petitioner | * |
| v. | * CIVIL ACTION NO. CCB-05-2396 |
| THE COMMISSIONER OF THE<br> U.S. PAROLE COMMISSION | * |
| CRANSTON J. MITCHELL<br>LYNNE E. JENKINS | * |
| DAVID WILLIAMS<br>JOHN R. SIMPSON | * |
| 　　　　Respondents. | * |

******

## MEMORANDUM

Carlos Bailey Parks is a federal parolee currently serving a state conviction and presently incarcerated at the Arthur Kill Correctional Facility in Staten Island, New York under the custody of the New York State Department of Correctional Services. On August 30, 2005, the Clerk received this pro se petition for writ of mandamus pursuant to 28 U.S.C. § 1361 seeking to compel the United States Parole Commission to hold a parole revocation hearing and to remove or vacate his detainer warrant.

**I. Background**

According to federal records, Parks pleaded guilty on September 14, 1989, in the United States District Court for the Eastern District of New York to conspiracy and to assaulting a person having charge of a mail matter.  See Parks v. United States Probation Dep't., et al, 03-CV-4720 & 03-CV-4103 (E.D. N.Y. 2003).[1]  He was sentenced to concurrent four-year terms as to each count, to run consecutive with a federal sentence that Parks was previously serving.  Id.  In December,

---

[1]　　The federal court cases referenced were obtained from the PACER federal court case docket.

1999, after his release from federal prison and while he was still on probation supervised by the United States Department of Probation, Parks was arrested by state authorities in Brooklyn, New York.  See id.  As a result of his arrest, the United States Parole Commission issued a parole violation warrant. See id.  Based on that warrant, the United States Marshal lodged a detainer against him on December 16, 1999. See id.

On May 18, 2000, Parks entered a guilty plea to attempted criminal possession of a weapon in the third degree in the New York Supreme Court, Kings County.  See Parks v. Hollins, No. 00-CV-4587 and Parks v. Perlman, 03cv805 (E.D. N.Y. 2003).  He was originally sentenced to five years to life, but the sentence was reduced to four years to life on March 11, 2002.  See id.

In July, 2002, plaintiff filed a petition for writ of mandamus in federal district court in New York, seeking to order the United States Department of Probation to remove the detainer and to vacate the parole warrant.  See Parks v. United States Probation Dep't., 02-CV-4506 (E.D. N.Y. 2002).  On September 19, 2002, the United States District Court for the Eastern District of New York denied the petition, noting that as the violation warrant had been issued and lodged, but not executed, there was no due process requirement that Parks receive an immediate hearing.  See id. The petition was dismissed without prejudice "[subject to] renewal after the completion of petitioner's pending sentence."  Id.

Parks remains in the custody of the New York State Department of Correctional Services on his 2000 conviction and four years to life sentence.  On November 12, 2003, the New York State Division of Parole denied him "discretionary release," based upon: (i) his refusal to appear before the Division of Parole; (ii) his prison disciplinary reports; and (iii) his "involved and serious" criminal history.  Parks v. Pataki, 03-CV-6234 (E.D. N.Y. 2003).

2

II. Analysis

Federal district courts have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or one of its agencies to perform a duty owed to a petitioner. 28 U.S.C. § 1361. Actions in the nature of mandamus are appropriate vehicles for federal prisoners to seek enforcement of constitutional and statutory duties owed to them by federal officials. Holmes v. United States Board of Parole, 541 F.2d 1243, 1249 (7th Cir. 1976).

In order to meet the requirements for mandamus relief, the movant must show that: he has the clear legal right to the relief sought; respondent has a clear legal duty to perform the particular act requested; and no other adequate remedy is available.[2] The failure to show any of these prerequisites defeats a district court's jurisdiction under § 1361. National Association of Government Employees v. Federal Labor Relations Authority, 830 F. Supp. 889, 898 (E.D. Va. 1993). In addition, mandamus cannot be used to compel the performance of discretionary duties of federal government officers; mandamus will lie only to compel ministerial acts. See Shoshone-Bannock Tribes v. Reno, 56 F.3d 1476, 1480 (D.C. Cir. 1995); Plato v. Roudebush, 397 F. Supp. 1295, 1304-05 (D. Md. 1975). Parks has failed to meet the above established criteria for the issuance of mandamus relief.[3] He has not shown that he has a constitutional or statutory right to the relief he seeks or that the United States Parole Commission has a clear ministerial duty to hold the revocation hearing before Parks has completed his New York state conviction.

---

[2] Mandamus most commonly lies to compel performance of "a clear nondiscretionary duty," and is an extraordinary remedy that typically should not be invoked if other avenues of relief exist. See, e.g., Heckler v. Ringer, 466 U.S. 602, 616 (1984).

[3] This court decided similarly in Parks v. Commissioner of the U.S. Parole Commission, et al., Civil Action No. CCB-05-1711 (D. Md. 2005).

3

Parks is not entitled to a prompt parole revocation hearing where the federal parole violation warrant is simply filed as a detainer at the institution where he is being held pursuant to a state conviction. In Moody v. Daggett, 429 U.S. 78 (1976), the Supreme Court expressly reserved the question whether the result would be different had the federal parole violator warrant been lodged as a detainer with state prison authorities[4]. Moody, 429 U.S. at 88. Subsequent lower court decisions have extended Moody to these to these circumstances. See, e.g., Kenner v. T.C. Martin, 648 F.2d 1080, 1081 (6th Cir. 1981); U.S. ex rel. Caruso v. U.S. Bd. of Parole, 570 F.2d 1150, 1154-55 (3d Cir. 1978); Deveny v. United States Bd. of Parole, 565 F.2d 875, 876 (5th Cir. 1978); United States ex rel. Hahn v. Revis, 560 F.2d 264, 265-66 (7th Cir. 1977); Hicks v. United States Bd. of Paroles and Pardons, 550 F.2d 401, 403-04 (8th Cir. 1977); Larson v. McKenzie, 554 F.2d 131, 132-33 (4th Cir. 1977) (state parole violator warrant lodged as a detainer with prison officials of another state). The lodging of the detainer has no present or immediate effect upon protected liberty interests, since the detainer "did no more than express the [Commission's] intent to defer consideration of parole revocation to a later time." Moody, 429 U.S. at 86.

The parole violation warrant issued against Parks was apparently never executed, but lodged instead as a detainer. Placing a detainer against a parolee who has been arrested on an intervening charge does not constitute execution of the warrant. See Hopper v. U.S. Parole Comm'n, 702 F.2d 842, 848 (9th Cir. 1983); Cook v. United States Attorney General, 488 F.2d 667, 671 (5th Cir. 1974). Parks is not entitled to a hearing prior to the execution of the warrant or to compelled execution of the warrant, because he has suffered no deprivation of due process from the United States Parole

---

[4] See Moody v. Daggett, 429 U.S. 78 (1976) (federal parolee serving an independent intervening sentence in the same jurisidiction has no constitutional right to a prompt revocation hearing.)

Commission's failure to take such action. See Moody, 429 U.S. at 86.  It is clear from Moody that a federal parolee who is convicted and imprisoned for another crime committed while on parole has no right to a prompt revocation hearing upon the issuance of a parole violator warrant based on that crime.  There is "no constitutional duty to provide [a parolee] an adversary parole hearing until he is taken into custody as a parole violator by execution of [a] warrant." Id. at 89;  Gaddy v. Michael, 519 F.2d 669, 677 (4th Cir. 1975).  Accordingly, a separate Order shall be entered consistent with this Memorandum.

   September 30, 2005                                                    /s/
          Date                                             Catherine C. Blake
                                                          United States District Judge